### CLARA LANDRY vs. MAX MANDELSTAM.

Androscoggin. Opinion October 7, 1912.

*Agreement. Contract. Damages. Demand. Holmes Note. Possession. Title. Trover.*

This action of trover for a watch and chain comes before the Law Court on plaintiff's exceptions to an order of nonsuit.

In order to maintain her action it was incumbent upon the plaintiff to prove that she had title to the property, or was entitled to the immediate possession of it. This in the opinion of the court she failed to do, and accordingly the nonsuit was properly ordered.

On exceptions by plaintiff. Overruled.

An action of trover for a watch and chain. The plaintiff obtained the property from the National Jewelry Company under a written contract dated September 9, 1911, when she agreed to pay $29.50 therefor, $1.00 upon signing of contract and $1.00 per week

until the whole sum was paid. It was stipulated in the contract that the plaintiff should not acquire title to the watch until the whole sum was paid. The plaintiff paid only $1.00 and claimed that her husband stole the watch from her and that a Mrs. Hemond pawned it with the defendant. Plea, the general issue.

At close of plaintiff's evidence, a nonsuit was ordered and the plaintiff excepted.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*John A. Morrill,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, KING, HALEY, JJ.

KING, J. This action of trover for a watch and chain comes before this court on exceptions to an order of nonsuit.

The plaintiff obtained the property from the National Jewelry Company under a written contract dated September 9, 1911, wherein she agreed to pay $29.50 therefor, $1.00 upon the signing of the agreement and $1.00 per week until the whole sum was paid. It was expressly provided in the agreement that the plaintiff should acquire no title to the property until the amount stipulated was fully paid, and further that "the National Jewelry Co. may, if it choses, upon any violation of this agreement by me, terminate my right of possession to the property herein mentioned." The plaintiff paid the $1.00 when the agreement was signed but no more, although the collector called several times for the weekly payments. She claimed that her husband stole the watch and chain from her room, and that a Mrs. Hemond pawned them with the defendant. On February 20, 1912, the plaintiff and one Cayo, an agent of the National Jewelry Company, went to the defendant's store and the watch and chain were demanded but not obtained. This action of trover was then brought.

In order to maintain her action it was incumbent on the plaintiff to prove that she had title to the property, or was entitled to the immediate possession of it. *Haskell* v. *Jones,* 24 Maine, 222; *Ekstrom* v. *Hall,* 90 Maine, 186; *Ames* v. *Palmer,* 42 Maine, 197; *Martin* v. *Johnson,* 105 Maine, 156, 158. The plaintiff did not have title to the property, for it was otherwise expressly provided in

the agreement. Did she have the right to its possession? We think not. The Jewelry Company was authorized to terminate her right of possession, because she had violated the agreement by neglecting and refusing to pay any and all the weekly installments. And the evidence is plenary that her right of possession was so terminated. It appears from Mr. Cayo's direct testimony that as the representative of the National Jewelry Company he was searching for the watch in order to get possession of it. He testified: "I found out where the watch was, and found out where the lady was living, and I called on her and asked her . . . I asked her to come and she did." When they reached the defendant's store the plaintiff asked for the watch and upon the defendant's refusal to produce it Mr. Cayo demanded it of him as the property of the National Jewelry Company, exhibiting the written agreement and telling him "The watch is not paid for, and belongs to us. I demand the watch." This demand was made in the plaintiff's presence, and must have been understood by her as an exercise on the part of the Jewelry Company of its right to have possession of the property, and as terminating her right to have psosession of it. Her testimony on cross-examination clearly shows that such was her understanding at the time.

Q. Mr. Cayo came over and told you where it (the watch) was, and you went with him? A. Yes, sir.

Q. And he was after the watch for the National Jewelry Company, wasn't he? A. Yes, sir.

Q. You not having paid anything more than one dollar for it, he was after the watch for the Jewelry Company? That was the situation that day, wasn't it? A. Yes, sir.

Q. And you did not make any claim to the watch at all, did you? A. No, sir.

The plaintiff therefore failed to show either title to the property or the right to the immediate possession of it, and accordingly the nonsuit was properly ordered.

*Exceptions overruled.*